IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRENE J. KENDRICK REVOCABLE )
LIVING TRUST by JOHN D. KENDRICK, )
TRUSTEE, )
                    Plaintiff, ) Civil Action No. 14-204
                                   ) Chief Magistrate Judge Maureen P. Kelly
    vs. )
                                   ) Re: ECF No. 9
SOUTH HILLS MOVERS, INC., )
                    Defendant. )

## **OPINION**

**KELLY, Chief Magistrate Judge**

### I. INTRODUCTION

Pending before the Court is a Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9) filed by Defendant South Hills Movers, Inc. ("Defendant"), seeking dismissal of Plaintiff's state law claims for breach of warranty (Count II) and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. §§ 201, et seq. (Count III). Defendant argues that these state law claims are within the broad preemptive scope of the Carmack Amendment, 49 U.S.C. § 14706, and therefore Plaintiff fails to state a legally cognizable claim for relief at Count II or Count III. Upon consideration of the Partial Motion to Dismiss, and the briefs filed in support and opposition thereto (ECF Nos. 10, 15, 16), and for the following reasons, Defendant's Partial Motion to Dismiss (ECF No. 9) is GRANTED.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2014, Plaintiff commenced a civil action against Defendant in the Court of Common Pleas of Allegheny County, Pennsylvania, arising out of the interstate shipment of

1

household goods, owned in trust, between Mount Lebanon, Pennsylvania, and Pacific Grove, California. The action was removed to this Court by Defendant on the basis that claims arising out of interstate shipment of goods are exclusively governed by federal law. Thereafter, Plaintiff filed an Amended Complaint, adding claims under the Carmack Amendment (Count I), and setting forth state law claims for breach of warranty (Count II) and the violation of Pennsylvania's UTPCPL (Count III).

In the Amended Complaint, Plaintiff alleges that on or about January 4, 2012, John D. Kendrick, acting as Trustee of Plaintiff's Trust, entered into a contract with Defendant to pack, load, transport, store, and unload household goods and personal possessions belonging to the Trust and its beneficiary, Irene Kendrick. (ECF No. 13). In entering into the contract, Kendrick selected "Option 1," which provides that with regard to any goods damaged or destroyed while in Defendant's custody, that Defendant will "pay [Plaintiff] for the cost of such repairs … or for the cost of such replacement." (ECF No. 13-1, p. 4). This option is in lieu of obtaining a flat rate of 60 cents per pound per article for the replacement of any damaged or lost item.

Plaintiff alleges that in the course of interstate shipment, several items were either damaged or destroyed. Plaintiff submitted a timely claim for $11,924, for the cost to repair or replace the items, but Defendant has not yet complied with its obligations under the contract to remit payment.

## II.   STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 513 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

This Court notes that the parties rely upon the four corners of the contract. Such reliance does not require the conversion of its Motion to Dismiss into a Motion for Summary Judgment. The law is clear that in considering a Motion to Dismiss, the Court is not limited to evaluating

3

the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n.22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

### III. DISCUSSION

In Certain Underwriters at Interest at Lloyd's of London v. United Parcel Service of America, Inc., 762 F.3d 332 (2014), the United States Court of Appeals for the Third Circuit unequivocally held that "the Carmack Amendment preempts *all* state law claims for compensation for the loss of or damage to goods shipped by a ground carrier in interstate commerce." Id. (italics added). In reaching its unambiguous decision, the Court of Appeals reviewed the common law and statutory development of a uniform approach to interstate carrier liability for losses sustained during shipment of goods. The necessity for uniformity arose out of the uncertainty created by "such diversity in legislative and judicial holding that it was practically impossible for a carrier … to know [its potential liability] without considerable investigation and trouble." Lloyds, 762 F.3d at 335, quoting Adams Express Co. v. Croninger, 226 U.S. 491, 505 (1913).

Thus, the Carmack Amendment was the first federal attempt to address industry-wide uncertainty, permitting motor carriers to limit their liability by agreement in a shipment's bill of lading:

4

The Carmack Amendment's operation is relatively straightforward. The general rule is that an interstate carrier is strictly liable for damages up to "the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) [certain intermediary carriers]." 49 U.S.C. § 14706(a)(1). A shipper and carrier can agree to limit the carrier's liability "to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances" in order for the shipper to obtain a reduced rate. Id. § 14706(c)(1)(A). Shippers may bring a federal private cause of action directly under the Carmack Amendment against a carrier for damages. Id. § 14706(d).

The Carmack Amendment struck a compromise between shippers and carriers. In exchange for making carriers strictly liable for damage to or loss of goods, carriers obtained a uniform, nationwide scheme of liability, with damages limited to actual loss—or less if the shipper and carrier could agree to a lower declared value of the shipment. … Making carriers strictly liable relieved a shipper of the burden of having to determine which carrier damaged or lost its goods (if the shipper's goods were carried by multiple carriers along a route). It also eliminated the shipper's potentially difficult task of proving negligence. In return, carriers could more easily predict their potential liability without closely studying the tort law of each state through which a shipment might pass. Carriers' liability was limited to the actual value of the goods shipped—punitive damages were not available.

Lloyds, 762 F.3d at 335.

Since enactment, "[f]or over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate shipping." Lloyds, at 335-36.

"Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." Adams Express, 226 U.S. at 505–06, 33 S. Ct. 148. The Court has consistently described the Amendment's preemptive force as exceedingly broad—broad enough to embrace "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." Ga., Fla. & Ala. Ry. v. Blish Milling Co., 241 U.S. 190, 196, 36 S.Ct. 541, 60 L.Ed. 948 (1916). State laws are preempted regardless of whether they contradict or supplement Carmack relief. See Charleston & W. Carolina Ry. Co. v. Varnville Furniture Co., 237 U.S. 597, 604, 35 S.Ct. 715, 59 L.Ed. 1137 (1915) (holding that a South Carolina law that imposed a $50.00 fine upon carriers that failed to timely report damage was preempted by the Amendment).

5

Id. The preemptive effect of Carmack has been applied to all manner and type of claims seeking recovery for losses sustained in interstate shipping, including negligence, breach of contract, breach of fiduciary duty, fraud, conversion, misrepresentation, and claims alleging the violation of state consumer fraud statutes. Id. at 336 n.3.

Limited exceptions have been recognized for "peripheral" claims based on "conduct" or "harm" apart from delay, loss, or damage to shipped property, such as intentional infliction of emotional distress. Id. at 446 n.4 (citing Gordon v. United Van Lines, Inc., 130 F.3d 282, 289 (7th Cir.1997).[1] It is here, in this narrow window, that Plaintiff seeks to assert its claims for breach of warranty and consumer fraud.

Plaintiff construes the contract provisions for full replacement value for damaged goods as a written warranty, the breach of which gives rise to a claim that arises "separate and distinct from the delivery of goods itself." Plaintiff contends that the alleged breach is "conduct" arising after the damage to the property and so is not preempted. Similarly, Plaintiff contends that in failing to honor the "Full Replacement Value Protection" provided for in the contract, and for which an additional sum of money was paid, Defendant has violated the UTPCPL. However, this superficially appealing argument fails to recognize that no "harm" was suffered other than the damage or destruction of goods. As in Lloyds, Plaintiff's claims "lie at the heart of Carmack

---

[1] However, as recognized the United States Court of Appeals for the Ninth Circuit, in White v. Mayflower Transit, L.L.C., 543 F.3d 581, 585-86 (9th Cir. 2008), "although the Seventh Circuit adopted … language focusing on harm, the Seventh Circuit's holding in Gordon was actually motivated by the defendant's conduct. The Seventh Circuit was troubled by the fact that the defendant lied to the plaintiff and engaged in a 'four-month course of deception pertaining to [their] nondelivery.'" Such allegations of harm are not present here; rather, Plaintiff alleges only the failure to remit payment for the damage or destruction of shipped goods.

preemption." Accordingly, Defendant's Partial Motion to Dismiss Plaintiff's claims for breach of warranty and violation of Pennsylvania's UTPCPL is GRANTED. An appropriate order follows.

**ORDER**

AND NOW, this 4th day of November 2014, upon consideration of Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9), and the briefs filed by the parties is support and opposition thereto, and for the reasons set forth in the accompanying Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's breach of warranty (Count II) and UTPCPL (Count III) claims is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2014

cc: All counsel of record by Notice of Electronic Filing